1
2
3
4
5
6                          IN THE UNITED STATES DISTRICT COURT
7                        FOR THE EASTERN DISTRICT OF CALIFORNIA
8
9    COLLEEN LEAVITT,                          CASE NO.  CIV 04-2468 LKK CMK
10                   Plaintiff,
11   vs.                                        ORDER
12   SHASTA COUNTY BOARD
13   OF SUPERVISORS, et al.,
14                   Defendant.
15
16
17        The motion by Plaintiff Colleen Leavitt [Leavitt] to remand this action to state court came
18   on regularly for hearing by the court on May 10, 2005, before the Honorable Craig M. Kellison
19   United States Magistrate Judge at the United States District Court at 2986 Bechelli Lane, Redding,
20   California.  The Plaintiff appeared in propria persona, and Defendants appeared by their respective
21   counsel, E. Robert Wright, Assistant United States Attorney, Sabrina Teller of the Law Office of
22   Remy, Thomas, Moose and Manley, and John Kenney of the Law Office of Enochian & Kenney.
23        The Court, having considered the pleadings in support of, and in opposition to the motion,
24   having heard the arguments of Plaintiff and opposing counsel, and being fully advised in the matter,
25   finds as follows:
26        1.  The Plaintiff filed her action in Shasta County Superior Court on October 20, 2004,
27   seeking a writ of administrative mandamus against various defendants pertaining to the approval of
28   a permit and environmental impact report [EIR] for the operation of a fiberglass manufacturing

                                                1

operation [Knauf Plant] in Shasta County, California.

2.  The action seeks, inter alia, injunctive relief pertaining to the issuance of various permits and mandamus inquiring into the validity of the permit and EIR approval.

3.  The United States Environmental Protection Agency [EPA] is a named party in Plaintiff's action.

4.  The Plaintiff seeks injunctive relief against the EPA from issuing a permit, or from modifying the existing permit, to the Knauf  Plant. (Petition, ¶ 13)[1]  In her prayer, Plaintiff more generally seeks injunctive relief preventing the EPA from taking any further action in furtherance of the Knauf Plant expansion. (Petition, p. 9)

5.  The EPA removed the action to the United States District Court for the Eastern District of California on November 18, 2004.

Removal was proper pursuant to 28 U.S.C. 1441(a)[2]  since the district courts have original jurisdiction under 28 U.S.C. 1361 over actions in the nature of mandamus against federal agencies. Removal was also proper under 28 U.S.C. 1442(a)(1)[3], because any federal agency may remove any action against it commenced in state court.

The court is mindful of those situations where remand is appropriate when the United States has little or no interest in the outcome of the litigation.  See generally, Matherly v. Las Vegas Valley Water District, 926 F.Supp. 990 (D. Nev. 1996); Santa Margarita Mutual Water Company v. State

_____

[1]  Plaintiff alleges that "[b]ased on Certification of this FSEIR [Final Supplemental Environmental Impact Report], the government and Knauf are threatening to proceed with the permitting process, including a modification of Knauf's Federal Prevention of Significant Deterioration Permit by the EPA Region IX".

[2]  (A) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the Untied States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

[3]  (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division bracing the place wherein it is pending.
(1) The United States of any agency thereof or any officer (or any person acting under that officer) of the Untied States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

1   Water Rights Board, 165 F.Supp. 870 (S.D. Cal. 1958).

2          Although Matherly, *supra*, supports the notion that state mandamus actions that simply

3   involve a review of the administrative record may not necessarily be considered a "civil actions"

4   under the removal provision (28 U.S.C. 1441 - 1452), the Plaintiff makes application of Matherly

5   difficult as a result of her insistence to seek injunctive relief against the EPA.

6          Although the court construes the EPA's role as secondary and dependent upon the state

7   permit approval process, such issues are not presently before the court for adjudication.

8

9          Good cause appearing, IT IS HEREBY ORDERED that:

10   (1)     Plaintiff's motion to remand this action to state court is denied.

11   (2)     Plaintiff shall lodge the administrative record with the court on or before July 1, 2005.

12   (3)     Plaintiff shall file points and authorities in support of her application for writ of

13          mandamus on or before August 1, 2005; and

14   (4)     Defendants choosing to file points and authorities in opposition shall do so on or before

15          September 1, 2005.

16   DATED:   May 16,  2005.

17

18   _____

19   **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

3