1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   COLLEEN LEAVITT,

11          Plaintiff,                    No. CIV S-04-2468 LKK  CMK

12      vs.

13   SHASTA COUNTY BOARD OF
     SUPERVISORS, simultaneously serving
14   as the SHASTA COUNTY AIR
     POLLUTION CONTROL BOARD;
15   SHASTA COUNTY AIR QUALITY
     MANAGEMENT DISTRICT,
16
            Defendants.
17

18   KNAUF INSULATION GmbH;
     SHASTA LAKE CITY COUNCIL;
19   ENVIRONMENTAL PROTECTION
     AGENCY, REGION IX,
20
            Real Parties in Interest     FINDINGS & RECOMMENDATIONS
21
     _____/
22
            Plaintiff, Colleen Leavitt, is proceeding pro se in this petition for a writ of
23
     administrative mandamus.[1]   Plaintiff alleges in her petition that the certification of Knauf's Final
24

25   _____
26      [1]Plaintiff filed her petition in California State Court pursuant to California's mandamus
     provisions.  See California Code of Civil Procedure (CCP) §§ 1084 et seq.  Because she named
     the Environmental Protection Agency, Region IX, as a real party in interest, her petition was
     removed to federal court.

1   Supplemental Environmental Impact Report( FSEIR)[2] does not comply with the requirements of

2   the California Environmental Quality Act (CEQA), West's Ann.Cal.Pub. Res.Code. § 21000 et

3   seq. (Pet. for Writ of Administrative Mandamus (Pet.), 2 ¶ 3.)   She also alleges that  Knauf

4   Insulation GmbH (Knauf) has failed to comply with air pollution standards.  (Pet. 3, ¶ 5.)

5           On October 11, 2005, two motions came on regularly for hearing before the

6   Honorable Craig M. Kellison, United States Magistrate Judge, at the United States District Court

7   in Redding California: (1) a motion by real party in interest Environmental Protection Agency,

8   Region IX (EPA), for an order granting judgment on the pleadings and; (2)  a motion by

9   defendants Shasta County Board of Supervisors, Shasta County Air Pollution Control Board,

10   Shasta County Air Quality Management District and Shasta Lake City Council (collectively,

11   "County") for an order remanding the petition to state court.[3]  At the hearing, plaintiff, Colleen

12   Leavitt, appeared in propria persona. Ana Maria Martel, Assistant United States Attorney,

13   appeared telephonically on behalf of real party in interest EPA.  Sabrina V. Teller of Remy,

14   Thomas, Moose and Manley, LLP appeared telephonically on behalf of defendant County and

15   real party in interest Knauf.  Mark Norcross appeared on behalf of defendant Shasta Lake City.

16           For the reasons set forth below, the undersigned recommends that real party in

17   interest EPA's motion for judgment on the pleadings be granted and that the County's motion for

18   remand be granted.

19   _____

20       [2]The fundamental purpose of CEQA is to ensure that governmental agencies regulate
     their activities so that major consideration is given to preventing environmental damage.  See
21   West's Ann. Cal. Pub. Res. Code § 21000, et seq.  The "heart" of CEQA is the EIR, "the
     purposes of which are manifold, but chief among them is that of providing public agencies and
22   the general public with detailed information about the effects of a proposed project on the
     environment.  Bakersfield Citizens for Local Control v. City of Bakersfield, 124 Cal. App. 4th
23   1184 (Cal. App.5th 2004.)

24       [3]At the time of hearing, a Motion to Augment the Record by the County was also
     pending.  However, a comparison of the lodged Administrative Record with the copy retained by
25   Sabrina Teller, counsel for the County, revealed that a copying error had resulted in Ms. Teller's
     copy missing pages that the lodged Record included.  Accordingly, the Motion to Augment is
26   moot as the lodged Record is complete.

1  I..      Background

2          Plaintiff, Colleen Leavitt, is a resident of Shasta County.  She owns property and

3  lives in Shasta Lake City, California. Her home is located within two miles of Knauf's factory.

4          Knauf proposed the construction of its Shasta Lake City insulation factor in 1997.

5  The construction required state and county approval under CEQA.  The City of Shasta Lake

6  conducted a pre-construction review pursuant to CEQA's requirements.  Finding that an

7  Environmental Impact Report (EIR) was necessary for the CEQA process, the city prepared and

8  published a draft EIR in February 1997.  After several public hearings and subsequent revisions

9  to the draft EIR, the City certified a final EIR in October 1997.  The city approved the

10  construction of Knauf's factory in 1997.

11          After construction of the Knauf factory, air quality tests revealed that the estimates

12  of emissions of Oxides of Nitrogen proposed during the original permitting process were

13  underestimated.  In August 2003, Knauf applied for a modified permit to allow for continued

14  operations based on increased emissions.  As part of the process mandated by CEQA, the Shasta

15  County Air Quality Management District (SCAQMD) and the Shasta County Air Pollution

16  Control Board (SCAPCB) announced that a meeting would be held to solicit public comment

17  regarding the proposed increase in Knauf's emissions.  Approximately eight months after the July

18  2004 public comment meeting, the County released a Supplemental Draft Environmental Impact

19  Report (SDEIR) for public comment. Plaintiff alleges that the notice and comment process was

20  not properly conducted.  In September 2004, the County passed a resolution certifying the

21  adequacy of the FSEIR under CEQA, which allowed Knauf to operate at an increased emissions

22  level.

23          On October 20, 2004, plaintiff filed the instant petition in Shasta County Superior

24  Court challenging the County's certification of Knauf's FSEIR on the grounds that the

25  certification process under CEQA was flawed.  In the caption of her petition, plaintiff named the

26  EPA as a "real party in interest."  In Paragraph five of her petition, plaintiff states that the EPA

3

1   has "yet to issue Knauf a Title V Permit to Operate, despite the fact that Knauf has been in full

2   production for almost three years.  The issuance of Knauf's permit to operate will be affected by

3   the certification of the FSEIR."  (Pet. 3, ¶ 5.)  Plaintiff seeks the issuance of a temporary

4   restraining order, a stay or a preliminary injunction restraining EPA from proceeding with the

5   process of granting Knauf a Permit to Operate until the County issues a FSEIR that complies

6   with CEQA.  (Pet. 4-5, ¶ 13.)

7   II.     Analysis

8          *EPA's Motion for Judgment on the Pleadings*

9          Real party in interest EPA moves to dismiss this complaint for lack of subject

10   matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(c).   A Rule 12(c) motion for

11   judgment on the pleadings may be made at any time so long as it does not delay the trial.  See

12   Fed. R. Civ. P 12(c).  For a Rule 12(c) motion that attacks the face of the complaint, dismissal is

13   appropriate where it "appears beyond doubt that the plaintiff can prove no set of facts in support

14   of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

15          The EPA contends that it has not taken a definitive or final action upon which

16   plaintiff can base a cause of action against it.   A cause of action against the EPA would arise

17   under the Administrative Procedures Act (APA), 5 U.S.C. § 704.  The APA does not provide an

18   independent basis for federal subject matter jurisdiction, but a federal court has jurisdiction

19   pursuant to 28 U.S.C. § 1331 over challenges to federal agency action as claims arising under

20   federal law.  See Gallo Cattle Co. V. United States Dept. of Agriculture, 159 F.3d 1194, 1198 (9th

21   Cir. 1998).  When there is no other statute that provides a right of action, the APA requires the

22   federal agency to have taken a final action before a claim can exist.  See Norton v. Southern Utah

23   Wilderness Alliance, 524 U.S.55 (2004).  An agency's decision not to take enforcement action is

24   presumed to be immune to judicial review under 5 U.S.C. § 701(a)(2).  See Heckler v. Chaney,

25    470 U.S. 821, 832 (1985).  That presumption is rebutted when the substantive statute has

26   provided guidelines for the agency to follow in exercising its enforcement powers.  See id. at 832-

1  33.

2          In this case, the EPA has not taken any final action.  In her petition, plaintiff noted

3  that the EPA has "yet to issue Knauf a Title V Permit to Operate..."  (Pet. 3, ¶ 5.)  During the

4  October 11, 2005 hearing in Redding, California, plaintiff stated that it was true that the EPA has

5  yet to take any action, much less a final action.  However, plaintiff believed that, because CEQA

6  includes the term "real party in interest," she would have been "remiss" in failing to include the

7  EPA in her petition as a party in interest.  Plaintiff stated that what she "was really challenging"

8  in her petition was the County's certification of Knauf's FSEIR.  Plaintiff added that she wanted

9  to ensure that the EPA was aware of her challenge so that it did not issue Knauf a Permit to

10  Operate based on the allegedly insufficient FSEIR.  It is apparent from both plaintiff's filings and

11  her statements that the EPA has not taken a final action regarding Knauf's permitting status.

12          In her filings and during the October 11, 2005 hearing, plaintiff made several

13  references to the EPA's failure to take any action regarding Knauf's Title V Permit to Operate.

14  Being mindful of the plaintiff's pro se status and the duty to broadly construe her petition[4], the

15  undersigned considers whether the EPA's failure to take any permitting action regarding Knauf

16  forms the basis for subject matter jurisdiction.  See Heckler, 470 U.S. at 832 (stating that an

17  agency's failure to take enforcement action is subject to judicial review when the substantive

18  statute has provided guidelines for the agency to follow in exercising its enforcement powers).

19  However, a review of Title V of the Clean Air Act (CAA), which governs the operating permit

20  issuing process, does not reveal any mandatory guidelines for the EPA to act concerning Knauf's

21  Title V Permit to Operate.  See 42 U.S.C. §§ 7661 et seq, see also, New York Public Interest

22  Research Group v. Whitman, 321 F.3d 316 (2nd Cir. 2003)(stating that the EPA has discretion

23  under the Clean Air Act to determine whether the state agency's administration and enforcement

24  _____

25          [4]The undersigned notes that the only reference to EPA's failure to act in plaintiff's
    petition, is her statement that the EPA has "yet to issue Knauf a Title V Permit to Operate."
26  Plaintiff does not allege that EPA is in violation of the Clean Air Act for failure to issue a permit.

of its permitting program was inadequate).  EPA's alleged failure to act cannot, therefore, form the basis for a cause of action against it by plaintiff.

Accordingly, the undersigned finds that plaintiff has failed to state a cause of action against the EPA over which this court has jurisdiction and recommends that plaintiff's claim against the EPA be dismissed.

### The County's Motion to Remand

The county seeks an order remanding this action to California state court.  A district court has the discretionary power to remand a cause of action to state court in the event that only state claims remain.  See Executive Software North America, Inc. v. United States Court for the Central District of California, 24 F.3d 1545, 1549-50 (9th Cir. 1993).  As the undersigned has recommended dismissal of the claims against the EPA, the only remaining claims in this action arise out of CEQA, a California statute, and all the remaining parties are state and local entities.  Accordingly, the undesigned finds adjudication of this action in state court will best serve the values of judicial economy, convenience and fairness and recommends remanding this action to California state court.  See United Mine Worders of Amercia v. Gibbs, 383 U.S. 715, 726 (1966).

III.   Conclusion

Based on the foregoing, IT IS RECOMMENDED that:

1.   Real party in interest EPA's Motion for Judgment on the Pleadings (doc.32)  be granted and this action is dismissed for lack of subject matter jurisdiction and;

2.   The Motion to Remand by defendant Shasta County Board of Supervisors, Shasta County Air Pollution Control Board, Shasta County Air Quality Management District and Shasta Lake City Council (doc. 42) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

6

1   after being served with these findings and recommendations, plaintiff may file written objections

2   with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

3   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

4   time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

5   (9th Cir. 1991).

6

7   DATED:   October 12, 2005.

8

9                                                    _____

                                                     **CRAIG M. KELLISON**

10                                                   UNITED STATES MAGISTRATE JUDGE